UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>
CENTER FOR BIOLOGICAL DIVERSITY

*Plaintiff*,

v.

FEDERAL EMERGENCY MANAGEMENT
AGENCY, *et al.,*

*Defendants*.
</td><td>
Civil Action No. 23-0011 (RCL)
</td></tr>
</table>

**ANSWER**

Defendants, the Federal Emergency Management Agency ("FEMA"), and the United States Department of Homeland Security ("Department"), hereby respond to the Complaint for Declaratory and Injunctive Relief filed by Plaintiff, the Center for Biological Diversity ("Plaintiff"), which makes claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegation in the Complaint, including the relief sought, is denied except when specifically admitted.

**RESPONSES TO THE NUMBERED PARAGRAPHS[1]**

Defendants respond below to the separately numbered paragraphs and demand for relief contained in the Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and

---

[1]     Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

should not be construed to be, an admission that the cited materials:  (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendants respond as follows:

## INTRODUCTION

1.      This paragraph consists of Plaintiff's characterizations of the subject of Plaintiff's FOIA request and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

2.      This paragraph consists of Plaintiff's characterization of FEMA's financial assistance awards and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required.

3.      This paragraph contains Plaintiff's characterization of its Freedom of Information Act ("FOIA") request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of their contents.  FEMA respectfully refers the Court to the FOIA request for a full and accurate statement of their contents.

4.      This paragraph contains Plaintiff's characterization of its action, to which no response is required.   To the extent a response is required, FEMA admits that it has not yet provided Plaintiff with any responsive records nor provided an expected timeline for production.

## JURISDICTION AND VENUE

5.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

6.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

7.      This paragraph does not contain allegations of fact but rather conclusions of law regarding injunctive and declaratory relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to injunctive and declaratory relief over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## PARTIES

8.      The allegations contained in this paragraph consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      The allegations contained in this paragraph consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

10.     The allegations contained in this paragraph consist of Plaintiff's characterization of this action and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

11.     Admitted.

12.     Defendants admit that FEMA is subject to the requirements of the FOIA.

## STATUTORY BACKGROUND

13.     This paragraph consists of Plaintiff's characterizations of the FOIA and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required. Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

14.     This paragraph consists of Plaintiff's characterizations of the FOIA and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required. Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

15.     This paragraph consists of Plaintiff's characterizations of the FOIA and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required. Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

16.     This paragraph consists of Plaintiff's characterizations of the FOIA and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required. Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

17.     This paragraph consists of Plaintiff's characterizations of the FOIA and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required. Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

## FACTUAL BACKGROUND

### A. The Federal Emergency Management Agency and Fossil Fuel Infrastructure

18.     This paragraph consists of Plaintiff's characterizations of the Stafford Act, FEMA's authority under the Stafford Act, and FEMA's role in disaster preparedness and assistance, and does not set forth a claim for relief or aver facts in support of a claim.  Thus, no response is required.  Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

19.     This paragraph consists of Plaintiff's characterizations of the Stafford Act, FEMA's authority under the Stafford Act, and FEMA's role in disaster preparedness and assistance, and does not set forth a claim for relief or aver facts in support of a claim.  Thus, no response is required.  Defendants respectfully refers the Court to the statute for a complete and accurate statement of its contents.

20.     This paragraph consists of Plaintiff's characterization of expenditures made relating to fossil-fuel-based infrastructure, to which no response is required.    Furthermore, the allegations in this Paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there is some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

21.     This paragraph consists of Plaintiff's characterization of the locations of fossil-fuel-based infrastructure, health harm to residents, and FEMA's role in funding repair of fossil-fuel-based infrastructure, to which no response is required.   Furthermore,  the allegations in this

Paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there is some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

22.     This paragraph consists of Plaintiff's characterization of a December 2021 FEMA issued Report entitled, *Resources for Climate Resilience*, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     This paragraph consists of Plaintiff's characterization of FEMA's 2022-2026 Strategic Plan, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

### B. The Center's FOIA Request

24.     Defendants admit that a FOIA request, dated December 17, 2021, was submitted by Plaintiff.  The FOIA request was submitted to the Department.

25.     Defendants admit that the Department issued an acknowledgement letter on December 17, 2021.  Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as they have no record of the two requests made by Plaintiff for an update on their FOIA request.

27.    Defendants admit that on June 3, 2022, the Center sent FEMA a letter.  Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

28.    Defendants admit that FEMA sent Plaintiff an email dated June 6, 2022. Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

29.    Defendants admit that on June 27, 2022, Plaintiff sent FEMA a clarification. requested that FEMA provide confirmation.  Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

30.    Defendants admit that on July 8, 2022, Plaintiff requested that FEMA provide confirmation.  Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

31.    Defendants admit that on October 11, 2022, Plaintiff requested that FEMA provide confirmation.  Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the response.

32.    Defendants admit that FEMA informed Plaintiff via email that the FOIA request was sent to the appropriate program office for processing.

33.     Defendants admit that they have not yet produced records responsive to Plaintiff's

FOIA request nor a timetable for production.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Failure to Promptly Disclose Records Responsive to the Center's FOIA Request**

34.     Defendants incorporate their responses to all preceding paragraphs. as if set forth

fully herein.

35.     This paragraph does not contain allegations of fact but rather conclusions of law,

to which no response is required. To the extent that a response is deemed required, Defendants

deny that Plaintiff is entitled to any relief.

36.     This paragraph does not contain allegations of fact but rather conclusions of law,

to which no response is required.  To the extent a response is required, FEMA admits that it has

not provided records in response to Plaintiff's FOIA request.

37.     Defendants cannot confirm or deny the allegations in this paragraph.

38.     This paragraph does not contain allegations of fact but rather conclusions of law,

to which no response is required.  To the extent a response is required, FEMA admits that it has

not claimed any statutory exemption under the FOIA to apply to the records requested by Plaintiff.

39.     This paragraph does not contain allegations of fact but rather conclusions of law,

to which no response is required.  To the extent a response is required, Defendant s admit.

40.     The allegations contained in this paragraph consist of Plaintiff's characterization of

its future activities.  To the extent that a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations.

41.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
**Failure to Conduct Adequate Searches for Records Responsive
to the Center's FOIA Request**

42.     Defendants incorporate their responses to all preceding paragraphs. as if set forth fully herein.

43.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit.

44.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

45.     The allegations contained in this paragraph consist of Plaintiff's characterization of its future activities.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

47.     Defendants incorporate their responses to all preceding paragraphs. as if set forth fully herein.

48.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit the allegations.

49.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

50.     The allegations contained in this paragraph consist of Plaintiff's characterization of its future activities.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

51.     This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of requests for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to information or records protected from disclosure by one or more

exemptions to the FOIA. 5 U.S.C. § 552.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by

FOIA.

## THIRD DEFENSE

Any document or information that Defendants will withhold, in response to Plaintiff's

FOIA requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C.

§ 552, *et seq.*

Dated:  February 21, 2023             Respectfully submitted,
            Washington, DC

                                      MATTHEW M. GRAVES
                                      D.C. Bar No. 481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division


                                      */s/ T Anthony Quinn*
                                      T. ANTHONY QUINN
                                      D.C. Bar No. 415213
                                      Assistant United States Attorney
                                      601 D Street, NW
                                      Washington, D.C. 20530
                                      Telephone: (202) 252-7558
                                      tony.quinn2@usdoj.gov

                                      *Attorneys for the United States of America*